**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| PAUL BADAMO,<br><br>　　　　　Plaintiff(s)<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>　　　　　Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Paul George Badamo _____.

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

_____ Novo Nordisk Inc.

_____ Novo Nordisk A/S

___X___ Eli Lilly and Company

_____ Lilly USA, LLC

_____ other(s) (identify): _____

**JURISDICTION AND VENUE**

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

8891 NW 181st Street, Hialeah, FL 33018

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Miami, Florida

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Florida

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Miami, Florida

10.    Jurisdiction is based on:

____X____    diversity of citizenship pursuant to 28 U.S.C. § 1332

_____    other (plead in sufficient detail as required by applicable rules):

_____

_____

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court - Southern District of Florida

12.    Venue is proper in the District Court identified in Paragraph 11 because:

____X____    a substantial part of the events and omissions giving rise to Plaintiff(s)'

claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

\_\_\_\_\_    Ozempic (semaglutide)

\_\_\_\_\_    Wegovy (semaglutide)

\_\_\_\_\_    Rybelsus (oral semaglutide)

\_\_\_\_\_    Victoza (liraglutide)

\_\_\_\_\_    Saxenda (liraglutide)

\_\_\_\_\_    Trulicity (dulaglutide)

\_\_X\_\_    Mounjaro (tirzepatide)

\_\_\_\_\_    Zepbound (tirzepatide)

\_\_\_\_\_    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Mounjaro: 1/13/2025 – 4/7/2025

5

**INJURIES AND DAMAGES**

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

___X___ Other gastro-intestinal injuries (specify) _Small bowel obstruction_____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): _____

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

April 2025

_____

_____

_____

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

____X____ Injury to self

_____ Injury to person represented

____X____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

**CAUSES OF ACTION**

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

__X__  Count I:     Failure to Warn – Negligence

__X__  Count II:    Failure to Warn – Strict Liability

__X__  Count III:   Breach of Express Warranty/Failure to Conform to Representations

__X__  Count IV:    Breach of Implied Warranty

__X__  Count V:     Fraudulent Concealment/Fraud by Omission

__X__  Count VI:    Fraudulent/Intentional Misrepresentation

__X__  Count VII:   Negligent Misrepresentation/Marketing

__X__  Count VIII:  Strict Product Liability Misrepresentation/Marketing

__X__  Count IX:    Innocent Misrepresentation/Marketing

__X__  Count X:     Unfair Trade Practices/Consumer Protection (see below)

__X__  Count XI:    Negligence

__X__  Count XII:   Negligent Undertaking

_____ Count XIII:  State Product Liability Act (see below)

_____ Count XIV:   Wrongful Death

_____ Count XV:    Loss of Consortium

_____ Count XVI:   Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

8

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Fla. Stat. § 817.06
_____

Fla. Stat. § 817.41(1)
_____

Fla. Stat. § 817.41(6)
_____

    b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

See attachment "A"
_____

_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

9

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

_____

_____

_____

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

_____

_____

_____

    c.  Identify the factual allegations supporting those claims:

_____

_____

_____

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: April 17, 2026

By: /s/ *Scott A. Bursor*

Scott A. Bursor

Bursor & Fisher, P.A.

701 Brickell Ave, 2100

Miami, FL 33131

ozempic@bursor.com

305-330-5512

Name(s), Bar Number(s), Law Firm(s),
Mailing Address(es), Email Address(es),
and Phone Number(s) of Attorney(s)
representing Plaintiff(s).

**ATTACHMENT "A"**

**UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT**

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendant identified in paragraph 5 of the Short Form Complaint ("Defendant").

3. Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statutes").

4. The Florida False Advertising statute was created to protect consumers from untrue, deceptive, and misleading advertisements. Fla. Stat. §§ 817.06, 817.41.

5. Plaintiff and/or Defendant are "persons" under the Statutes.

6. Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7. Defendant is the supplier, manufacturer, advertiser, and/or seller of the GLP-1 RA Product, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8. Defendant designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Product into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Product.

1

9. Defendant marketed and advertised the GLP-1 RA Product to consumers, physicians, and healthcare providers in Florida. Defendant sold, distributed, and promoted the GLP-1 RA Product throughout Florida, including to Plaintiff. Defendant's misconduct described herein significantly affected Florida consumers.

10. As alleged in the Master Complaint, Defendant engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

a. Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Product and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

b. Excessively advertising, marketing and overpromoting their GLP-1 RA Product, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

c. Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11. As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendant knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendant continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

12. As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendant knew or should have known that their GLP-1 RA Product are not as effective for weight loss as Defendant claimed. Despite espousing

2

significant weight-loss benefits, Defendant knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Product, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Product relatively quickly, and many people who discontinue use gain back as much as, or more than, the weight they lost while using the GLP-1 RA Product. Despite this knowledge, Defendant continued to mislead consumers by overstating the product's weight-loss benefits.

13.    The information referenced above that Defendant misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Product and the limits of the product's efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Product.

14.    Defendant intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Product.

15.    Defendant violated the Statutes by failing to disclose the material health and safety information regarding the GLP-1 RA Product discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant's marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16.    Defendant violated the Statutes by making numerous representations about the weight-loss benefits of taking GLP-1 RA Product while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care

3

providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant's marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17.     Prior to being prescribed and using the GLP-1 RA Products, Plaintiff did not receive adequate warnings regarding the risk of severe gastrointestinal injury, including small bowel obstruction. Plaintiff relied on Defendant's representations and omissions regarding the safety and tolerability of these products, as conveyed through his prescribing healthcare providers and the general marketing and labeling of the drugs. Plaintiff would not have used these products had the true risks been disclosed.

18.     Plaintiff was prescribed and used GLP-1 RA Product Mounjaro, based on Defendant's representations regarding safety and efficacy. In April 2025, Plaintiff was diagnosed with a small bowel obstruction, confirmed through CT imaging and serial radiographic studies demonstrating persistent obstruction. Due to his condition, Plaintiff experienced severe gastrointestinal symptoms, including severe abdominal pain, nausea, and vomiting, which led to hospitalization from April 13, 2025 through April 22, 2025. Plaintiff required inpatient management, including nasogastric tube placement, monitoring, and supportive care. Following discharge, Plaintiff was prescribed medications including pantoprazole and instructed to follow a restricted low-fiber diet consistent with bowel obstruction management. Plaintiff's injuries were severe, required extensive medical intervention, were caused by and/or substantially related to the use of GLP-1 RA Products.

19.     Defendants knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels,

4

advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

20.     In violation of the Statutes, through a pervasive pattern of false and misleading statements and omissions to health care providers and consumers, Defendant engaged in unlawful intentional conduct by overstating benefits of GLP-1 RA Product and omitting or downplaying side effects and complications of the products.

21.     In violation of the Statute, Defendant's conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

22.     Defendant's conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

23.     Plaintiff justifiably relied on Defendant's misrepresentations and omissions. If Plaintiff had known the information that Defendant withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Product.

24.     As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Product in justifiable and reasonable reliance on Defendant(s) misrepresentations and omissions.  Defendant expected or should have expected reasonable consumers to rely on

these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

25.    Plaintiff at all times acted as a reasonable consumer in relying upon Defendant's misrepresentations and material omissions concerning Defendants' GLP-1 Product in choosing to purchase and/or consume the GLP-1 RA Product prescribed by their health care provider.

26.    The actions and omissions of Defendant are uncured or incurable.

27.    As alleged above, Defendant had actual knowledge of the defective and dangerous condition of the GLP-1 RA Product and failed to take any action to cure those conditions.

28.    As a direct and proximate result of Defendant's misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint. Accordingly, pursuant to the Statutes, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.

29.    The related Florida statutes governing deceptive or misleading conduct, including Fla. Stat. §§ 817.06 and 817.41, do not impose any pre-suit notice requirement.